IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENT S. MOORE                                    PLAINTIFF

        V.                  CIVIL NO. 07-2026

SCHLUMBERGER TECHNOLOGY
CORPORATION                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

On March 21, 2007, Plaintiff filed a complaint against his
former employer, Schlumberger Technology Corporation.[1] Plaintiff
alleged he was discriminated against on the basis of his age and
retaliated against for engaging in protected activity. Plaintiff
asserted claims under Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment
Act (ADEA), 29 U.S.C. § 621 *et seq.*, and the Arkansas Civil Rights
Act of 1993 (hereinafter "ACRA") (Doc. 1). Plaintiff also
asserted a claim for retaliation pursuant to Arkansas common law
and public policy for which he now requests a voluntary dismissal.
Accordingly, the state law claim for retaliation is DISMISSED
WITHOUT PREJUDICE. Currently before the Court is Defendant's
Motion for Summary Judgment (Docs. 15-17), Plaintiff's response

---

[1] Plaintiff also named Schlumberger MI, Inc. and Schlumberger Omnes, Inc. as
defendants. However, the evidence indicates that Plaintiff was employed by
Schlumberger Technology Corporation, and Plaintiff has alleged no basis for
liability on behalf of the other two defendants. Accordingly, Schlumberger, MI,
Inc. and Schlumberger Omnes, Inc. are dismissed as defendants.

-1-

(Docs. 20-21), and Defendant's reply (Doc. 24).  For reasons that follow, Defendant's Motion for Summary Judgment is GRANTED, in part, and DENIED, in part.

**I.     BACKGROUND**

The following facts are undisputed except where otherwise noted.

1.    Plaintiff was 45-years-old when hired by Defendant in February 2001, as an Assistant Operator.  Plaintiff was promoted to Operator on September 1, 2001, and to Senior Operator on April 1, 2003.

2.    Plaintiff completed Defendant's U.S. compliance overview training which addressed Defendant's policy against discrimination and harassment.

3.    Plaintiff's co-worker, David Johnson, suffered from cerebral palsy and would develop tremors when tired.

4.    In February 2006, Johnson was removed from his position in field operations and placed in the wireline shop after various safety incidents and difficulty driving the commercial motor vehicle to which he was assigned.  The reassignment was made by Johnson's supervisory engineer, Abraham Massuttier.

5.    Johnson objected to the reassignment alleging disability discrimination and harassment.

6.    Johnson's co-workers, including Plaintiff, referred to him by

AO72A
(Rev. 8/82)

a nickname, "Shakes." At some point, Johnson requested that his co-workers cease using this nickname, and the co-workers, including Plaintiff, were told by Massuttier and another supervisor, Chris Way, to stop using the nickname.

7. Johnson submitted a written complaint to the wireline operations manager and personnel representative stating that Plaintiff continued to call him "Shakes."

8. On March 27, 2006, Tony Turk, Personnel Manager, and Josh Smith traveled to Fort Smith to investigate Johnson's complaint. Plaintiff admitted to using the nickname "Shakes" and that Johnson had requested he stop.

9. Shortly thereafter, Defendant received Johnson's Charge of Discrimination alleging disability harassment and discrimination (later amended to include retaliation) and another complaint from Johnson alleging threatening behavior by Plaintiff.

10. Turk, Amber Moss, Compensation and Compliance Specialist; and Diane Hodges, Assistant Personnel Manager, traveled to Fort Smith to investigate the EEOC charge and the new complaint against Plaintiff.

11. During this second investigation, Johnson complained that Plaintiff continued to call him "Shakes" and had made threats towards him. According to Defendant, Massuttier informed Turk and Moss that Plaintiff continued to call Johnson

-3-

"Shakes" after being told to cease.

12. While Turk and Moss were reviewing the results of the investigation, the wireline operations manager, Jim Minear, sent Plaintiff to D-tech school in Oklahoma for two weeks to learn how to be a driver trainer.

13. The EEOC interviewed Plaintiff about Johnson's allegations.

14. Based upon the investigation results, Turk and Moss presented their findings to Jim Hanley, Compliance and Compensation Manager; and Turk's supervisors, Don Conkle and Wayne Finger, and concluded that Johnson's removal from field operations was necessary due to safety concerns and that Plaintiff was violating company policy by mistreating Johnson. Plaintiff contends these conclusions were not made in good faith and that these parties knew Plaintiff never called Johnson "Shakes" in his presence after being told to cease.

15. Based upon the investigation, Hanley recommended: (1) settlement negotiations with Johnson and the EEOC; (2) termination of Plaintiff's employment for violation of company policy; (3) one week suspension of Plaintiff's supervisor, Massuttier, for not preventing Plaintiff's unprofessional behavior; and (4) further training of Defendant's employees in anti-discrimination and harrassment and professionalism in the workplace policies.

16. Plaintiff was discharged on June 2, 2006, for violating

-4-

company policy by harassing Johnson with the use of the name "Shakes."  Plaintiff contends the disciplinary policy was applied in a discriminatory fashion as younger co-workers were not disciplined for engaging in the same conduct as Plaintiff.

17.  Plaintiff filed an EEOC charge alleging he was terminated due to his age.  Plaintiff subsequently filed this lawsuit alleging age discrimination, retaliation and wrongful termination.

## II.  DISCUSSION

### A.  Motion for Summary Judgment

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  The burden of proof is on the moving party to set forth the basis of its motion.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The court must view all facts and inferences in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574 (1986).  Once the moving party shows that there are no material issues of fact in dispute, the burden shifts to the nonmoving party to set forth facts showing that there is a genuine issue for trial.  *Id.*  Summary judgment is appropriate where a plaintiff fails to present evidence sufficient

AO72A
(Rev. 8/82)

to create a jury question as to an essential element of his claim. *See Turner v. Honeywell Fed. Manuf. & Tech.*, 336 F.3d 716 (8th Cir. 2003). The Court must keep in mind, however, that summary judgment is to be used sparingly in employment discrimination cases. *See id.*

Plaintiff contends he was discharged because he was over forty years old and had announced his intention to participate in the EEOC's investigation of Johnson's complaint. Defendant denies its decision to discharge Plaintiff was motivated by either of those factors and that Plaintiff was terminated for violating company policy. Since "[c]laims premised under the Arkansas Civil Rights Act of 1993 are analyzed in the same manner as Title VII claims," *see Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000), the analysis under Title VII provides the standard to be followed as to both the state and federal claims of discrimination and retaliation.

### Age Discrimination - ADEA and ACRA

Under the ADEA, it is "unlawful for an employer...to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The act applies to "individuals who are at least 40 years of age." 29 U.S.C. § 631. When a plaintiff alleges disparate treatment,

-6-

"liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). That is, the plaintiff's age must have "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *Ibid*.

Plaintiff presented no direct evidence of intentional age discrimination, but rather based his claim on circumstantial evidence. Therefore, we apply the *McDonnell Douglas* analytical framework. *Riley v. Lance, Inc*. 518 F.3d 996 (8th Cir. 2008). In order to prevail, Plaintiff must establish a prima facie case of age discrimination. *Id*. If Plaintiff succeeds, the burden shifts to Defendant to produce evidence that Plaintiff was terminated "for a legitimate, nondiscriminatory reason." *Id*. If Defendant presents such evidence, the presumption of discrimination drops out of the case and Plaintiff would need to show by a preponderance of the evidence that Defendant's reasons for termination were a pretext for discrimination. *Id*.

In order to establish a prima facie case, Plaintiff must show: (1) that he was a member of a protected class when he was terminated; (2) that he was otherwise qualified for the position from which he was terminated when he was terminated; (3) that Defendant terminated him; and (4) that his "discharge occurred in

-7-

circumstances giving rise to an inference of unlawful discrimination. *Id*.

For purposes of this Motion, the Court assumes that Plaintiff can establish the elements of a prima facie case of age discrimination.  To satisfy its burden of production, Defendant has offered evidence of a legitimate, nondiscriminatory reason for terminating Plaintiff.  Defendant agrees that Plaintiff performed his job duties well, but states Plaintiff failed to comply with Defendant's workplace policies prohibiting harassment and unprofessional conduct by continuing to refer to Johnson as "Shakes" after being told by supervisors to stop.  The Court finds that Defendant's reason for terminating Plaintiff is legitimate and nondiscriminatory.  Accordingly, the burden shifts back to Plaintiff to present evidence that creates a fact issue as to whether the employer's proffered reasons are mere pretext and that the termination was an act of intentional discrimination based upon Plaintiff's age.

Plaintiff can avoid summary judgment "only if the evidence considered in its entirety (1) created a fact issue as to whether Defendant's proffered reasons are pretextual and (2) created a reasonable inference that age was a determinative factor in the adverse employment decision." *Rothmeier v. Inv. Advisers*, *Inc.*, 85 F.3d 1328 (8th Cir. 1996).  Although the burden shifted to Defendant to produce a legitimate, nondiscriminatory reason for

-8-

failing to promote Plaintiff, the ultimate burden of persuading the factfinder of intentional age discrimination rests with Plaintiff. *Id.* at 1332 (citation omitted).

A plaintiff shows that a reason is pretextual "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing the employer's proffered explanation is unworthy of credence." *Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). An employer's reason is pretextual when it is a lie - a phony reason meant to cover up a disallowed reason. *Blise v. Antaramian*, 409 F.3d 861 (7th Cir. 2005).

In opposition to Defendant's proffered reason, Plaintiff contends he was terminated due to his age. In support of this, Plaintiff submits that he denied using the nickname "Shakes" after he was told by his supervisor to stop. (Moore Dep. pp. 48, 49 & 51). Further, Plaintiff states that younger co-workers admitted using the name but were not disciplined. "One common way to raise an inference is to prove disparate treatment 'by showing that [plaintiff] was treated less favorably than similarly situated employees who are not in plaintiff's protected class.'" *Wallin v. Minnesota Department of Corrections*, 153 F.3d 681 (8th Cir. 1998)(citation omitted). "Employees are similarly situated when they 'are involved in or accused of the same or similar conduct

-9-

and are disciplined in different ways.'" *Id*.

Defendant maintains that its investigation revealed that Plaintiff was the only employee who continued to use the name "Shakes" after being told to stop and that is why he was the only one who was terminated.  Proof that the Defendant's articulated explanation is false or incorrect does not, standing alone, entitle the plaintiff to judgment; instead, the showing must be that the explanation is a pretext for discrimination.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).  *See also, Krenik v. County of Le Sueur*, 47 F.3d 953 (8th Cir. 1995)(to survive summary judgment, plaintiff must provide evidence that defendant's proffered explanation is both incorrect and that discrimination is the true explanation.)  The results of the investigation, whether right or wrong, led Defendant to believe that Plaintiff was the only one who continued to use the nickname "Shakes" after being told to stop.  Further, the other employees, both younger and older than Plaintiff, were not accused of continuing to use the nickname after being told to cease.

Plaintiff was also forty-five years old when he was hired by Defendant.  The Eighth Circuit has noted that it is unlikely that a supervisor would hire an older employee and then discriminate against him on the basis of his age.  *Peterson v. Scott County*, 406 F.3d 515 (8th Cir. 2005)(citation omitted).  Further, Plaintiff received a "special merit" increase in pay in March of 2006 during

-10-

the investigation of Johnson's complaint and a few months prior to his discharge. (Moore Dep., p. 27). Plaintiff offers no evidence that his age was a factor in Defendant's decision to discharge him other than his own subjective belief and the fact that younger coworkers had admitted using the name "Shakes" prior to being told to stop by their supervisors. The Court finds Plaintiff has failed to meet his burden. While the Court believes that Plaintiff is able to create a factual dispute as to whether Defendant's reason for his discharge is pretextual, there is no evidence that it was motivated by Plaintiff's age. "[I]t is not the role of this court to sit as a super-personnel department to second guess the wisdom of a business' personnel decisions." *Evers v. Alliant Techsys., Inc.*, 241 F.3d 948 (8th Cir. 2001). Accordingly, the Court finds that no genuine issues of material fact exist as to Plaintiff's age discrimination claim. Therefore, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's age discrimination claim.

### Retaliation - Title VII and ACRA

After reviewing the pleadings and the evidence on file in the light most favorable to the nonmoving party as required, the court finds that there are issues of fact which preclude summary judgment on Plaintiff's retaliation claim, including, but not limited to whether Defendant's proffered reason for Plaintiff's termination is pretextual.

-11-

**AO72A**
**(Rev. 8/82)**

### III. CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's age discrimination claim and DENIED as to Plaintiff's retaliation claim. This matter remains set for a jury trial on December 17, 2008.

IT IS SO ORDERED this 10th day of July 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

-12-